# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **MIDCONTINENT EXPRESS PIPELINE, LLC** | **CIVIL ACTION NO. 08-1160** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **1.68 ACRES OF LAND, MORE OR LESS, IN MADISON PARISH, LOUISIANA, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

This was a condemnation action brought by Plaintiff Midcontinent Express Pipeline, LLC,

("MEP") on August 8, 2008.  MEP sought condemnation of natural gas servitudes or rights of way

across certain tracts of land in parishes located in North Louisiana.  Three tracts of land, totalling 10.79

acres and identified as LA-CL-017.000, LA-CL-018.000, and LA-CL-019.000, are located in Claiborne

Parish, Louisiana.  A number of Defendants were identified by MEP as  landowners or interest holders

of these tracts.  MEP sought a permanent easement and right of way through the three tracts.

MEP settled with some interest holders, but did not reach agreements with all.

On January 9, 2009, after having served Defendants, either personally or through publication,

and after having presented evidence to the Court at a hearing, MEP obtained a default judgment against

these Defendants.  The tracts were valued at $26,636.55, and this amount was deposited into the registry

of the Court.   [Doc. No. 290].

Following the deposit into the registry of the Court, some Defendants moved for and received

disbursements.

On September 17, 2015, however, after three years of inaction, the funds were transferred to

unclaimed funds.

On October 26, 2015, Clara Reece Fuller, who was incorrectly identified in the lawsuit as "Clarice Fuller," filed a letter motion [Doc. No. 335], requesting that the funds be disbursed equally to her and her eleven (11) siblings.  The motion was placed under seal because Ms. Fuller listed addresses and social security numbers for some of her siblings.

The Court construes Ms. Fuller's letter motion as a motion to reopen the case and for disbursement of unclaimed funds.

The Court has taken a considerable amount of time to review the record and to determine if there is sufficient evidence to support Ms. Fuller's motion.  The Court finds that Ms. Fuller has provided *prima facie* evidence sufficient to prove that she and her siblings are proper heirs.

However, despite considerable effort devoted to the matter, the Court is unable to determine who owns the property in question and in what percentages.  Ms. Fuller was identified as one of the interest holders in 10.79 acres of land, more or less, located in Claiborne Parish, Louisiana.  In addition to Ms. Fuller, Mid-Continent identified over 50 other persons or entities or unopened successions which have an interest in the land.  There is no evidence as to the percentage of the property owned by Ms. Fuller and her siblings, and the Court cannot calculate what portion of the $26,636.55 held in the registry belongs to them.

Further, Ms. Fuller is not a licensed attorney admitted to practice before this Court. As a lay person, she can represent herself, *pro se,* but she cannot represent her siblings.  Even if Ms. Fuller is able to obtain the evidence necessary for the Court to calculate the funds due to her and her siblings, each sibling must file a motion on his or her own behalf.

Given the number of years that have passed, the number of unopened successions, and the

number of heirs involved, the Court understands the difficulty presented to the purported heirs. Nevertheless, the Court cannot make a determination of the interest held by any one of these Defendants or siblings without competent evidence.  Accordingly,

IT IS ORDERED that Ms. Fuller's motion [Doc. No. 335] is DENIED, subject to the right of each interest holder to re-urge this motion if he or she can obtain and present proper evidence of his or her specific percentage interest in the subject properties.

MONROE, LOUISIANA, this 6th day of November, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE