# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **MIDCONTINENT EXPRESS PIPELINE, LLC** | CIVIL ACTION NO. 08-1160 |
| **VERSUS** | JUDGE ROBERT G. JAMES |
| **1.68 ACRES OF LAND, MORE OR LESS, IN MADISON PARISH, LOUISIANA, ET AL.** | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

This is a condemnation action brought by Plaintiff Midcontinent Express Pipeline, LLC ("MEP"), on August 8, 2008. MEP sought condemnation of natural gas servitudes or rights of way across certain tracts of land in parishes located in North Louisiana. Three tracts of land, totalling 10.79 acres and identified as LA-CL-017.000, LA-CL-018.000, and LA-CL-019.000, are located in Claiborne Parish, Louisiana. A number of Defendants, including Clara Washington and Millie Washington, were identified by MEP as landowners or interest-holders of these tracts. After proceedings were held, MEP obtained a permanent easement and right of way through the three tracts.

On January 12, 2009, the Court granted MEP a default judgment against these Defendants. The tract was then valued at $26,636.55, and this amount was deposited into the registry of the Court. No funds have been disbursed to the interest holders of these three tracts since the original deposit.

On September 17, 2015, after three years of inaction, the registry funds were transferred to unclaimed funds.

On October 26, 2015, Clara Reece Fuller, who was incorrectly identified in the lawsuit as "Clarice Fuller," filed a letter motion [Doc. No. 335], requesting that the funds be disbursed equally to her and her eleven (11) siblings. The Court construed Ms. Fuller's letter as a motion to reopen the case and for disbursement of unclaimed funds. After reviewing the record and evidence presented, the Court found that Ms. Fuller provided *prima facie* evidence sufficient to prove that she and her siblings are proper heirs. However, as with previous motions filed by alleged interest holders, the Court was unable to determine two fundamental questions: the identify of all the owners of the property in question and the percentage of ownership. Additionally, the Court found that Ms. Fuller could only represent herself as a lay person, not her siblings. Therefore, the Court denied her motion, subject to the right of each Defendant or alleged interest holder to file another motion to re-open and for disbursement of funds if he or she can obtain and present proper evidence of his or her specific percentage interest in the subject properties.

On November 19, 2015, Ms. Fuller's sister, Millie C. Fuller Washington ("Ms. Washington") wrote the Court [Doc. No. 338] to agree with its ruling and to state that she and other family members would be filing their own motions.

On December 14, 2015, Ms. Fuller filed the instant Motion for Reconsideration to Withdraw Funds [Doc. No. 339]. In her motion, Ms. Fuller details her lineage, and she attaches a petition from the succession of her great-grandfather, George Wheaton,[1] which identifies her uncle, George Wheaton, Jr., and her grandmother, Millie Wheaton Allen, as his son and daughter, as well as fourteen other children. She also attaches a pleading seeking the appointment of an administratrix

---

[1] Ms. Fuller refers to George Wheaton as her "great-great grandfather," but that designation is incorrect if Millie Wheaton Allen was her grandmother. He would have been her great-grandfather.

in the Succession of George L. Wheaton, presumably her great-uncle. Finally, she attaches a copy of a death certificate for her mother, Inez Allen Fuller, and a Judgment of Possession showing that Inez Allen Fuller had twelve children. Ms. Fuller contends that she is entitled to 1/12 of 90%[2] of the unclaimed fund, including interest.

On January 11, 2016, Ms. Washington also submitted a Memorandum in Opposition to Motion for Reconsideration and Motion for Distribution of Funds [Doc. No. 341]. She asserts that Ms. Fuller has "omitted several other relatives with right of heirship, either by birth or through a will and subsequent Succession." *Id.* at p. 1. She points out that there are more heirs than just the twelve siblings identified by Ms. Fuller. According to Ms. Washington, her grandmother, Millie Wheaton Allen, married James Allen and produced twelve children. Although those children are all deceased, five of the children (including Ms. Washington and Ms. Fuller's mother, Inez Allen Fuller) left descendants of their own or willed their interests to others. Ms. Washington has also prepared a calculation of the amounts she contends are due to each of the interest holders she has identified.

A review of these filings and the record make it clear that there are numerous potential claims that cannot be eliminated or accounted for. As previously stated, the Court remains sympathetic to the plight of Ms. Fuller, Ms. Washington, and the other interest holders. However, the Court cannot order the release of funds if it cannot determine the amount that should be released to each interest holder. Accordingly,

IT IS ORDERED that Ms. Fuller's Motion for Reconsideration to Withdraw Funds [Doc. No. 339] is DENIED.

---

[2] It is unclear why Ms. Fuller only seeks a distribution of 90% of the funds.

IT IS FURTHER ORDERED that Ms. Washington's Motion for Distribution of Funds [Doc. No. 341] is also DENIED.

MONROE, LOUISIANA, this 21st day of January, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE