UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---

MIDCONTINENT EXPRESS PIPELINE, LLC            CIVIL ACTION NO. 08-1160

VERSUS                                        JUDGE ELIZABETH ERNY FOOTE

1.68 ACRES OF LAND, MORE OR LESS, IN
MADISON PARISH, LOUISIANA, ET AL.

---

## MEMORANDUM ORDER

Before the Court is a *pro se* motion to disburse funds held in the Court's registry filed by Clara Fuller ("Fuller"). Record Document 393. Fuller seeks distribution of funds from the Court on her own behalf and that of Elizabeth Donell, George Fuller, Grace Fuller, Louise Sawyer, Patricia Dockery, and Thurman Fuller. *See id.* Additionally, Fuller filed four motions requesting that the Court rule on her previously filed motion. *See* Record Documents 394, 395, 396 & 397. For the reasons stated herein, Fuller's motion [Record Document 393] is **DENIED**.

## Background Information

The above captioned matter is a condemnation action originally brought by the Plaintiff, Midcontinent Express Pipeline, LLC ("MEP") in August 2008. MEP sought the condemnation of natural gas servitudes or "rights of way" across certain tracts of land in North Louisiana for the construction of a natural gas pipeline. While MEP sought the condemnation of numerous tracts of land to build the pipeline, only three tracts are at issue in the instant motion. Those tracts consist of 10.79 acres located in Claiborne Parish,

Louisiana, and are identified in this matter as LA-CL-017.000, LA-CL-018.000, and LA-CL-019.000. Numerous Defendants, including Fuller, were identified by MEP as potential partial owners or interest-holders of these tracts.[1] *See* Record Document 6. The Defendants were served with notice of the condemnation lawsuit either by personal service or by service through publication in local newspapers. *See* Record Document 150.

The Court held a hearing concerning MEP's request to condemn and possess the property for the pipeline servitude. *See* Record Document 154. Thereafter, MEP was granted the right to condemn and possess the property necessary for the servitude pursuant to the Natural Gas Act, 15 U.S.C. § 717, et seq. *See* Record Document 159.

Some of the Defendants with potential ownership interests in tracts LA-CL-017.000, LA-CL-018.000, and LA-CL-019.000 reached settlement agreements with MEP concerning their respective potential interests in the property or MEP otherwise acquired

---

[1] The individual Defendants identified with potential ownership interests in the 10.79 acres include: Mary Genever Webb Fletcher, Missouria Wheaton (Usufruct), Delores Thomas Whittaker, Ruby Thomas Carter, Alonzo Washington, Angela Rene Washington Thomas, Edward G. Presley, Essie Lee Allen Wilkerson, Rivardia Allen Burton, Millie Fuller Washington, Thurmond Fuller, Jr., Clara Fuller, Mary Helen Fuller Harvey, Elizabeth Fuller Donel, Claudine Fuller, Patrice "Patricia" Fuller Dockery, George Fuller, Louise Fuller Sawyer, Phillip Fuller, Mary Nell Webb, Loyce Webb Blakey, M. Eltorvigo McDaniel, Iris Curry, Iva Curry, Dewight Allen, Allie Ruth Brown Morris, Patricia P. Crockett, Cranton Nelloms, Jr., Chek Investments, LLC, the unopened succession of George Wheaton, Jr., the unopened succession of Nancy Wheaton Turner, the unopened succession of Jim Turner, the unopened succession of Shepard Wheaton, the unopened succession of Mary Woods Merritt, the unopened succession of Lee Drew Nelloms, the unopened succession of Azzie Lee Woods, the unopened succession of Lena Scott Woods, the unopened succession of Willie N. Mills, the unopened succession of Lillie Lee Wheaton Amerson Warren, the unopened succession of Mary White Thomas, the unopened succession of Claudine N. Mosby, the unopened succession of Louis L. Nelloms, the unopened succession of Henry Presley, the unopened succession of Loratious Presley, the unopened succession of Mollie Wheaton, the unopened succession of Lloyd Thomas, the unopened succession of Alvin Thomas Wilson, the unopened succession of Arlessie Thomas Tims Emerson, Napoleon Webb, Beatrice West Thomas, the unopened succession of Ruby Inez Shaw Sullivan, Doris D. Wilson-Goodson, Willie C. Washington, Joyce Ann Presley, Bernice Bowens, Christine Allen, Marilyn Allen, Laroyce Allen, Betty Fuller, Clarice Fuller, Gracie Fuller, Dorothy Nell Webb, Verdis Webb, Jr., Delores Webb Jones, Glenda Marie Webb, Patsy Ruth Ingram, Vernon Ira Daughtery, John Michael Daughtery, Elmer Nunley, Jr., the unopened succession of Donald Ferrell Nunley, Beverly Kay Nunley, Bobby Ray Nunley, Artis Thomas, Juanita Ellis Green, Pearlie Woods Scott, Alice Jackson Davis, and Artis Amerson. *See* Record Document 6.

their property interests. *See* Record Documents 151 & 272.  MEP moved the Court to dismiss without prejudice those Defendants with whom MEP had settled or had separately acquired the subject tracts in their entirety, and who had not otherwise made an appearance in the lawsuit *See id.* Of note, the list of Defendants provided to the Court by MEP included the name "Clara Fuller."[2] Record Document 272 at 3. The Court granted the motion for voluntary partial dismissal of the named Defendants without prejudice. *See* Record Documents 160, 168 & 274.

On January 12, 2009, the Court granted MEP a default judgment against the remaining Defendants identified with potential property interests in tracts LA-CL-017.000, LA-CL-018.000, and LA-CL-019.000. *See* Record Document 290. The Court granted MEP a permanent servitude and right of way through the three tracts of land. *See id*. The fair market value of the servitude was determined to be $26,636.55, which MEP deposited into the registry of the Court. *See id.* at 6.  On September 17, 2015, after years of inaction, the registry funds were transferred to unclaimed funds. The current value of the funds is $56,839.75.

## Law & Analysis

The Court begins by noting that Fuller filed her motion for disbursement of funds *pro se*. Record Document 393. She includes with her motion sworn and notarized

---

[2] MEP also indicated that it had otherwise acquired the subject tracts in their entirety or settled with Rivardia Allen Burton, Thurmand Fuller, Jr., Patrice ("Patricia") Fuller Dockery, Elmer Nunley, Jr., the unopened succession of Donald Farrell Nunley, Beverly K. Nunley, Bobby Ray Nunley, Ahmad Fuller, Delores Thomas Whittaker, Mary Helen Fuller Harvey, Claudine Fuller, Louise Fuller Sawyer, Phillip Fuller, Laroyce Allen, Betty Fuller, Elizabeth Fuller Donell, Ruby Thomas Carter, Essie Lee Allen Wilkerson, George Fuller, Doris D. Wilson-Goodson, Gracie Fuller, Elmer Nunley, Jr., Beverly Kay Nunley, and Bobby Ray Nunley. *See* Record Documents 151 & 272.

3

signature pages from Elizabeth Donell, Grace Fuller, Patricia Dockery, George Fuller, and Louise Sawyer.[3] *See id.* "In the federal courts of the United States 'parties may plead and conduct their own cases personally or by counsel.'" *United States v. Estate of Goehring*, No. 17-CV-1092, 2018 WL 1530995, at *1 (W.D. Tex. Feb. 13, 2018) (quoting 28 U.S.C. § 1654). However, individuals who do not have a law license may not represent other parties in federal court. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). For this reason, the Court must limit its review solely to Fuller's motion for disbursement. Each unrepresented Defendant must file a motion on his or her own behalf.

Federal Rule of Civil Procedure 67 provides "if any part of the relief sought is a money judgment or the disposition of a sum of money or other deliverable things, a party … may deposit with the court all or part of the money or thing, whether or not that party claims any of it…." Fed. R. Civ. P. 67(a). The purpose of a deposit under Rule 67 "is to relieve the depositor of responsibility for the fund[s] in dispute while the parties hash out their differences with respect to it." *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 444-45 (5th Cir. 1990). Local Rule 67.3 provides that any motion for the disbursement of funds deposited into the registry of this Court must provide satisfactory evidence of the recipient's entitlement to the funds being sought. *See* W.D. La. LR67.3.

In this case, the record reflects that in November 2008, MEP represented to the Court that it had either (1) separately acquired the noted tracts LA-CL-017.000, LA-CL-018.000, and LA-CL-019.000 in their entirety, or (2) had settled with individual Defendants listed as to the particular tracts. *See* Record Document 272 at 1. With regard

---

[3] Fuller also lists Thurman Fuller in her motion, but did not attach an accompanying signature page. *See* Record Document 393 at 2.

to the tracts in question, Fuller was listed as a Defendant with whom MEP had settled or otherwise acquired her property interests.[4] *Id.* at 3. A party who has previously settled with MEP would not have a right to the funds held in the registry. Likewise, a party whose property interests were acquired by MEP through other means would not have a right to the funds held in the registry. Based on this information, Fuller has failed to provide sufficient evidence to demonstrate she is entitled to receive any funds from the Court's registry.

## Conclusion

Accordingly, Fuller's motion for disbursement [Record document 393] is **DENIED**.[5] Fuller's motions to rule on her pending motion [Record Documents 394, 395, 396 & 397] are **DENIED AS MOOT**.[6]

**THUS DONE AND SIGNED** this 19th day of September, 2025.

                                   ELIZABETH ERNY FOOTE
                                   UNITED STATES DISTRICT JUDGE

---

[4] The Court also notes that MEP represented to the Court that it had settled with or otherwise acquired the property interests of the other individuals listed in Fuller's motion: Elizabeth Donell, George Fuller, Grace Fuller, Louise Sawyer, Patricia Dockery, and Thurman Fuller. *See* Record Documents 168 at 6-7 & 272 at 3.

[5] Louise Sawyer filed a *pro se* motion requesting a decision on Fuller's motion. *See* Record Document 398. The Court has now ruled on Fuller's motion and Record Document 398 is **DENIED AS MOOT**.